UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. 8:08-CV-01940-T-26TBM |
| v. ) ) | **COMPLAINT** |
| SCHWEND, INC., ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Charging Party Clemon Virgil and other similarly situated individuals who were adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Equal Employment Opportunity Commission charges that Defendant Schwend, Inc. discriminated against Virgil and other similarly situated individuals by subjecting them to harassment because of race. The Commission further alleges that Defendant retaliated against Virgil because he engaged in protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.



2. The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Florida corporation, has been a company conducting business in the Dade City, Florida and has had at least fifteen (15) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Virgil filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October of 2003, Defendant has engaged in unlawful employment practices at its Dade City, Florida facility in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-3(a) as follows:

    a. Virgil, a Black male, was employed by Defendant at its Dade City, Florida facility.

      b.     Defendant's corporate officers and managerial employees used racially offensive slurs when referring to Virgil and other similarly situated individuals and otherwise created a hostile working environment because of race.

      c.     Managers referred to Virgil and other similarly situated individuals as "niggers" and made racially offensive statements including references to "Brooksville," a place where management claimed "they bury dead niggers."

      d.     Managers threatened employees with hanging if they complained or failed to follow instructions.

      e.     The hostile work environment also included withholding leave and assigning lower paid jobs to Virgil and other similarly situated individuals.

      f.     Management posted a hangman's noose in Defendant's Dade City, Florida facility.

      g.     The conduct in subparagraphs 7(a) – (f) was sufficiently severe and pervasive to constitute an racially hostile work environment.

      h.     At all material times, Defendant had no anti-discrimination policy.

      i.     After Virgil reported the harassment to the Commission, Defendant retaliated against Virgil when Defendant took adverse employment action against him, including but not limited to reducing his job assignments and taking disciplinary action against him.

8.     The unlawful employment practices complained of in paragraph 7 were intentional.

9.     The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Virgil and other similarly situated individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate on the basis of race and/or retaliate against employees.

B.    Order Defendant to institute and carry out policies and practices which provide equal employment opportunities for employees regardless of race, which provide that retaliation is prohibited, and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.    Order Defendant to make whole Virgil and other similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including pain, suffering and humiliation, in amounts to be determined at trial.

D.    Order Defendant to make whole Virgil by providing compensation for past and future pecuniary losses resulting from the employment practices above, including back pay, in an amount to be determined at trial.

E.    Order Defendant to pay Virgil and other similarly situated individuals punitive damages for Defendant's malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission demands a jury trial on all questions of fact raised by its complaint.

          Respectfully Submitted,

          RONALD COOPER
          General Counsel

          JAMES L. LEE
          Deputy General Counsel

          GWENDOLYN Y. REAMS
          Associate General Counsel

          NORA E. CURTIN
          Regional Attorney

          MARIA KATE BOEHRINGER
          Supervisory Trial Attorney

          _____
          KALEB M. KASPERSON
          Trial Attorney
          Florida Bar No. 658766
          U. S. EQUAL EMPLOYMENT
          OPPORTUNITY COMMISSION
          Miami District Office
          2 South Biscayne Boulevard, Suite 2700
          Miami, Florida 33131
          Tel: (305) 808-1786
          Fax: (305) 808-1835
          Email: kaleb.kasperson@eeoc.gov